IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD DAVIS,

    Petitioner,                    No. CIV S-10-1029 KJM DAD P

    vs.

JAMES HAVILAND,                    ORDER

    Respondent.

_____/

         Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of twenty-five years to life in state prison. In this habeas action petitioner challenges his prison disciplinary convictions entered on three rules violation reports that were issued to him on November 30, 2007, for violating the prison smoking policy, possession of contraband and for possession of obscene materials.[1] Petitioner contends that there was no evidence in the record to support the guilty

---

[1] The rules violation report issued to petitioner for violating the smoking policy alleged that he and his cellmate were observed smoking a cigarette in their cell. (Doc. No. 1 at 98.) The other two rules violation reports were issued after a search of petitioner's cell by prison officials. The alleged contraband items were a cell phone adaptor, charger and head set, circuit board, wire and other electrical parts, and inmate-manufactured extension cord and plugs. (Id. at 92.) The obscenity charge involved a drawing deemed pornographic which was found in an envelope with petitioner's name on it and inside a box containing petitioner's mail. (Id. at 81.)

1

findings on the three rules violations.

## I.  PARTIES' ARGUMENTS

A.  <u>Respondent's Motion to Dismiss</u>

Respondent argues that the habeas petition must be dismissed because petitioner has not established that success on his petition would necessarily shorten the duration of his confinement.  Respondent notes that petitioner was found guilty of the three disciplinary charges and, as a result, forfeited thirty-days of time credits for both the contraband and smoking violations, for a total of sixty-days forfeited time credits. (MTD (Doc. No. 14) at 2.)  Respondent contends, however, that the loss of time credits has no impact on the fact or duration of petitioner's incarceration because such time credits are only applicable with respect to those California prisoners serving determinate sentences.  (Id.)

In this regard, respondents assert the following. When an inmate's term of imprisonment includes both determinate and indeterminate sentences, the determinate portion is served first.  (Id. at 3.)  Thus, credits earned and lost by the prisoner will impact only the determinate sentence and the issue of when the prisoner's indeterminate life term begins.  Once the life term begins, the prisoner cannot be released on parole until his minimum eligible parole date (MERD).  (Id.)  That MERD date is adjusted by credits earned and lost and establishes only when an inmate begins to receive parole consideration because the initial parole consideration hearing is held one year before the MERD.  (Id.)  Regardless of the MERD date, a California prisoner will not be released until the Board of Parole Hearings ("Board") finds him suitable for parole.  (Id.)  If the Board finds the prisoner suitable for parole, it sets a base term of confinement and has the discretion to shorten the term through a separate post-conviction credit scheme.  (Id.)  Thus, the length of a prisoner's incarceration on a life term is determined by the Board, not by the statutory credit earnings and/or forfeitures.  (Id.)  By 2007, when petitioner forfeited the sixty-days of time credits pursuant to his disciplinary convictions, he had already received three parole consideration hearings.  (Id.)  Petitioner had passed his minimum eligible parole date

which was on November 25, 1997. (Id.) Whether petitioner is released from prison will depend on when, or if, the Board finds him suitable for parole, sets a base term, and whether the Board elects to apply post-conviction credits. (Id. at 4.) Thus, the restoration of sixty-days of statutory time credits will not necessarily result in petitioner's earlier release. (Id.) Instead, in this action petitioner challenges a condition of his confinement - being disciplined for breaking prison rules. (Id.) Claims that implicate a condition of confinement are not cognizable in federal habeas and, therefore, the pending habeas petition should be dismissed. (Id.)

B. Petitioner's Opposition

  Petitioner states that his petition is timely and that he has a constitutional right to pursue habeas relief. (Opp'n (Doc. No. 17) at 2.) Petitioner contends that respondent's argument implies that one group of prisoners should be treated differently than another and that only prisoners serving life terms cannot come to the federal courts to challenge prison rules violation convictions. (Id. at 3.) Petitioner argues that the Board relies on prison disciplinary convictions to extend the parole eligibility dates of life-term prisoners, that such disciplinary convictions impact the Board's suitability determinations and may even be relied upon to extend the period between suitability hearings. (Id. at 3-5.) Thus, petitioner argues, the prison disciplinary convictions he seeks to challenge in this action will, in fact, extend his incarceration. (Id.)

  Petitioner has also filed a request asking this court to take judicial notice of the decision in Drake v. Felker, No. 2:07-cv-00577 (JKS), 2007 WL 4404432 (E.D. Cal. Dec. 13, 2007). Petitioner contends that the decision in Drake supports his argument that a "negative disciplinary record is one of the factors upon which the State may find a prisoner unsuitable for parole." (Pet'r Req. (Doc. No. 18) at 4.)[2]

---

[2] Through this request petitioner does not seek to establish a particular adjudicative fact, Rather, he relies on the decision in Drake as legal authority in support of his argument that a habeas action is an appropriate vehicle by which to challenge his prison disciplinary convictions. Accordingly, petitioner's request for judicial notice will be denied as unnecessary. The court has considered the decision in Drake in its analysis of the pending motion to dismiss.

**II.  ANALYSIS**

A.  <u>Legal Standards Applicable to Motions to Dismiss Habeas Actions</u>

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."  Respondents' pending motion to dismiss is brought pursuant to Rule 4.

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts."  <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1982)).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

B.  <u>The Nature of Relief Sought and Whether It is Likely to Effect a Parole Determination</u>

In this habeas action, "petitioner is asking this court to reverse the guilty finds [sic] an[d] all rule violation report before the court."  (Petition (Doc. No. 1) at 15.)  Respondent construes the petition as seeking restoration of the 60-days of time credits petitioner forfeited as a result of the guilty findings on two of the three challenged disciplinary convictions.  The court disagrees with that characterization of the relief sought.  It is clear to the undersigned that in this habeas action petitioner seeks the expungement of his three disciplinary convictions rather than the restoration of his time credits.  As petitioner explains in his opposition to the motion to dismiss, expungement of the disciplinary convictions is sought because they will be relied upon by the Board of Parole Hearings to deny parole and to postpone petitioner's next parole suitability hearing for seven, ten or even fifteen years.  (Opp'n at 5.)

Moreover, it is clear that habeas jurisdiction exists where expungement of a prison disciplinary record is "'likely to accelerate the prisoner's eligibility for parole.'"  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858 (9th Cir. 2003) (quoting <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th

4

Cir. 1989)). See also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[T]he potential relationship between [petitioner's] claim and the duration of his confinement is undeniable. In such a case, we are reluctant to unnecessarily constrain our jurisdiction to entertain habeas petitions absent clear indicia of congressional intent to do so."); Rodriquez v. Swarthout, No. 2:10-cv-1226 GEB KJN P, 2011 WL 23126, at *2 (E.D. Cal. Jan. 4, 2011) (recommending that a motion to dismiss habeas action be denied because reversal or expungement of the rules violation conviction in that case was likely to accelerate petitioner's eligibility for parole particularly where in denying parole the Board specifically warned petitioner that he should become disciplinary free); Maxwell v. Neotti, No. 09cv2660-L (BLM), 2010 WL 3338806 (S.D. Cal. July 15, 2010) (concluding that habeas action was appropriately pursued where the petitioner sought expungement of a rules violation report, reversal of his disciplinary conviction and dismissal of charges); Drake, 2007 WL 4404432, at *2 (concluding that a habeas action was cognizable to challenge prison disciplinary conviction for battery on a peace officer because it "will almost certainly come back to haunt . . . .[petitioner] when the parole board reviews his suitability for parole.").

Although it is apparent that petitioner is seeking expungement of his prison disciplinary conviction, and not merely the restoration of his forfeited time credits as argued by respondent, it is less clear whether expungement of the challenged disciplinary convictions would be likely to accelerate petitioner's eligibility for parole. While petitioner's allegations in this regard are not fairly characterized as completely speculative, they are also not detailed or precise. The court notes that in Ramirez, for instance, the Ninth Circuit concluded that a civil rights action could proceed where expungement of a rules violation "will not necessarily shorten the length of . . . confinement" since the Board could still deny parole on the basis of any of the grounds presently available to it in evaluating parole suitability. Ramirez, 334 F.3d at 859 (citing Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997)). Moreover, several district courts have dismissed habeas actions because the impact of the challenged disciplinary convictions on parole

1  release was deemed to be too speculative.  See Calderon-Silva v. Uribe, No. SACV 09-832
2  MMM(JC), 2010 WL 5392895, at *3 (C.D. Cal. Aug. 31, 2010) ("Although a disciplinary
3  conviction may not help an inmate who is seeking release on parole, it is only one of a myriad of
4  considerations relevant to a parole decision and does not inevitably affect the length of the
5  prisoner's sentence."); Maxwell, 2010 WL at *7 (concluding that the Board has complete
6  discretion as to whether and to what extent it will consider a disciplinary conviction and
7  therefore, the impact of that conviction on parole eligibility is too speculative); Sheley v. Uribe,
8  No. 09-CV-2221-WQH (JMA), 2010 WL 3747874, at *3 (S.D. Cal. June 21, 2010) ("While
9  Petitioner contends that his parole eligibility could be affected by the disciplinary charge . . . this
10 is merely speculative."); Robb v. Haviland, No. CIV S-09-2007-JAM-CMK-P, 2010 WL
11 582061, at *3 (E.D. Cal. Feb. 12, 2010) (concluding that petitioner's claim that a prison rule
12 violation conviction could be used in the future to deny him parole, was speculative and the
13 petition should be dismissed); see also Ngo v. Solis, No. C 04-01627 JF (PR), 2010 WL
14 2985082, at *2 (N.D. Cal. July 26, 2010) (dismissing habeas action which sought expungement
15 of a negative evaluation report which was prepared for petitioner's parole hearing because
16 expungement would not necessarily accelerate his release on parole and his claims were more
17 appropriately addressed in a civil rights action).
18         Therefore, although the motion to dismiss pending before the court will be
19 granted, petitioner will be granted leave to file an amended habeas petition.  If he elects to file an
20 amended petition, petitioner he should clarify the nature of his claims and include all information
21 supporting his contention that the expungement of the specific prison disciplinary convictions he
22 seeks to challenge in this action would be "likely to accelerate" his eligibility for parole.  See
23 Bostic, 884 F.2d at 1269.  In this regard, if applicable, petitioner should allege the date or dates
24 of parole suitability hearings at which these specific disciplinary convictions were considered and
25 should allege any comments made by the Board panel at those hearings suggesting the impact
26 /////

of the disciplinary convictions on the suitability determination, along with any other supporting information or documentation.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's December 1, 2010 request for judicial notice (Doc. No. 18) is denied as unnecessary;

2. Respondent's August 16, 2010 motion to dismiss (Doc. No. 14) is granted with leave to amend; and

3. Should he wish to continue to pursue habeas relief, petitioner shall file an amended petition for a writ of habeas corpus in this action which addresses the matters discussed above within thirty days of the date of this order.

DATED: February 3, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
davis1029.mtd