IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD DAVIS,

    Petitioner,                          No. 2: 10-cv-01029 KJM DAD P

    vs.

JAMES HAVILAND,                  FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein petitioner challenges three 2007 prison disciplinary convictions he incurred for smoking, possession of contraband, and possession of obscene material, all on the same day. Before the court is respondent's second motion to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. Petitioner has filed an opposition to the motion.

**BACKGROUND**

        On August 16, 2010, respondent filed his first motion to dismiss. (Doc. No. 14.) Therein respondent argued that petitioner had failed to establish that success on his habeas petition filed with this court would shorten the duration of his confinement. Although petitioner was assessed thirty days loss of time credits on the disciplinary convictions for possession of

1

1 contraband and smoking, respondent argued that there was no resulting impact on the duration of
2 petitioner's confinement because he had already passed his minimum eligible parole date and had
3 received three parole consideration hearings.

4       In an order filed February 4, 2011, the undersigned dismissed the petition with
5 leave to amend in order to allow petitioner the opportunity to clarify his claims and to "include
6 all information supporting his contention that the expungement of the specific prison disciplinary
7 convictions he seeks to challenge in this action would be 'likely to accelerate' his eligibility for
8 parole." (Doc. No. 21 at 6.) Petitioner was advised in that order to provide the dates of the
9 parole suitability hearings and to provide documents or information regarding any comments
10 made by the Board panel at the parole suitability hearings that suggested that the challenged
11 disciplinary convictions were considered by the Board in reaching their decisions to deny
12 petitioner parole. (Id. at 6-7.)

13       On May 10, 2011, petitioner filed his amended petition. (Doc. No. 24.) On
14 November 27, 2012, the court ordered respondent to file a response to the amended petition
15 (Doc. No. 28), and on January 23, 2013, respondent filed the now pending motion to dismiss
16 (Doc. No. 32).

17       **PARTIES' ARGUMENTS**
18 **I. Respondent's Motion to Dismiss**

19       Respondent asserts that the amended habeas petition before the court should be
20 dismissed because petitioner has failed to establish that a successful challenge of his disciplinary
21 convictions would necessarily impact the duration of his confinement.

22       Although petitioner was assessed a total of sixty-days loss of time credits for two
23 of his three prison disciplinary convictions which all stemmed from events occurring on a single
24 day in 2007, respondent contends that petitioner passed his minimum eligible parole date on
25 November 25, 1997, and had already received three parole suitability hearings prior to his 2007
26 prison disciplinary convictions. (Doc. No. 32 at 6.) Thus, respondent argues that the loss of time

1  credits stemming from the challenged disciplinary convictions will have no actual impact on the
2  duration of petitioner's confinement.  (Id.)  Rather, because petitioner is now serving a life term,
3  he will not be released until he is found suitable for parole by the Board of Parole Hearings.

   Respondent argues that in his amended petition, petitioner makes only vague allegations that the 2007 prison disciplinary convictions will be considered by the Board in determining his parole suitability.  (Id. at 7.)  Respondent refers to the court's August 1, 2011 order and contends that petitioner has failed to clarify his claims and to address the impact of the challenged disciplinary convictions on his future prospects for release on parole.  (Id.)

   On August 22, 2007, three months before petitioner received the three challenged disciplinary convictions, petitioner was found unsuitable for parole and his next parole hearing was deferred for four years.  (Id.)  Respondent contends that petitioner's next hearing could have been deferred for one year and since petitioner failed to attach a copy of the hearing transcript to his amended petition, it is unclear why the Board deferred his next hearing for four years.  (Id. at 8.)  Nonetheless, respondent argues "there must have been other compelling factors the Board relied on to deny parole for four years."  (Id.)  Respondent also notes that in 2011, petitioner was due for a parole suitability hearing but chose to postpone his hearing.  (Id.)  Respondent acknowledges that petitioner contends he postponed his 2011 parole suitability hearing in order to first challenge his disciplinary convictions.  However, citing the decision in Sandin v. Connor, 515 U.S. 472, 487 (1995), respondent argues that even if this court were to grant federal habeas relief and invalidate the challenged disciplinary convictions, the possibility that the Board will find petitioner suitable for parole is speculative at best.  (Id.)  Accordingly, respondent argues that the pending amended petition should be dismissed because habeas jurisdiction is absent.

**II.  Petitioner's Opposition**

   Petitioner contends that the three prison disciplinary convictions he seeks to challenge here were cited by the Board in finding him unsuitable for release on parole in 2011. In addition, petitioner contends that the three disciplinary convictions were also cited in his

psychological evaluation which the Board considered in making its decision to deny him parole at that time. Petitioner has provided the court s a copy of the transcript from his parole consideration hearing held on October 12, 2011. The transcript reflects that in denying parole at that time the Board panel stated as follows:

> Deputy Commissioner Fassnacht: . . . . I just want to let you know that what's troubling is there was a cluster of 115s that you acquired this review period, starting with, you know, the most recent, which was the August the 27th, 2008, and then you had the smoking in the building in 2007, then you had the November 2007 contraband, and a Motorola adapter for charging a cell phone and the Metro PCS headset, and then the administrative 115 for obscenity, drawing a female having sex with a man, exposing her breasts. Something is going on at that, because it was just a cluster, so it was just somewhat troubling. I hope you can just go ahead and - - just no more 115s. You've had that before, that's why I thought where is this cluster coming from. Okay, thank you.

* * *

> Commissioner Fritz: I just wanted to add, in regard to your factors that we determined to be unsuitable, you were convicted of the murder charge a long time ago, you were convicted of the 288 back in '86 and that occurred a long time ago as well, what we've seen recently is the 115s. And stepping back a little bit, although you said in your statement that you claim responsibility, it appeared to the Panel that you had some denial as far as the non-controlling offense, claiming that it occurred. And then when we fast-forward to the most recent rules violations, the 2007s and the 2008s, the discussion with the Panel, too, were that you weren't taking full responsibility for the rules violations as well. So, that's really why we determined that you are currently dangerous, because we still see some of the same type of mindset recently, okay, and so that's something that I think that you need to think about and work on. Of course, we don't want to see any more rules violations, but thinking about taking the responsibility for that and the pattern that's going on there. And so, I just wanted to add that in.

(Doc. No. 34 at 152 and 155.)[1]

/////

---

[1] As noted, petitioner also contends that the disciplinary convictions he seeks to challenge here were cited as a factor in finding that he posed an elevated risk of recidivism if released in his 2011 psychological evaluation which, in turn, was relied upon by the Board.

4

The transcript of petitioner's 2011 parole suitability hearing also reflect that by setting his next parole hearing in three-years, rather than five or seven years, the Board panel intended to put "some distance between the 115s" and to allow petitioner to demonstrate more insight about the victims and his commitment offense.  (Id. at 157.)

**ANALYSIS**

**I.  Legal Standards Applicable to Motions to Dismiss Habeas Actions**

Respondent's pending motion to dismiss is brought pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ."  Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts."  Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  However, "habeas corpus relief is not limited to immediate release from illegal custody, but . . . is available as well to attack future confinement and obtain future releases."  Id. at 487-88 ("So, even if restoration of . . . [the prisoners'] good-time credits had merely shortened the length of their confinement, rather than required immediate discharge from that confinement, their suits would still have been within the core of habeas corpus in attacking the duration of their physical confinement itself.").  See also Rose v. Morris, 619 F.2d 42, 43 (9th Cir. 1980).

/////

**II. Impact of Prison Disciplinary Convictions on Duration of Confinement**

Respondent argues that in his amended petition petitioner does not challenge the fact or duration of his confinement because the loss of credits will not shorten the length of his actual confinement. Respondent contends this is so because petitioner has passed his minimum eligible parole date and the impact of the challenged disciplinary convictions on the granting or denial of parole in his case is speculative. In his opposition, petitioner refers to his most recent parole consideration hearing and the Board's decision to deny parole in which the Board panel specifically referred to the three disciplinary convictions in denying him parole.

In considering suitability for parole, the Board is required to consider "all relevant, reliable information available," including "behavior before, during, and after the crime[.]" Cal. Code Regs. tit. 15, § 2402(a) & (b). Circumstances tending to show unsuitability for parole include whether "[t]he prisoner has engaged in serious misconduct in prison or jail." Id. at § 2402(c)(6). Institutional behavior is given additional consideration among the circumstances tending to show suitability for parole because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id. at § 2402(d)(9).

The Ninth Circuit has held that federal habeas jurisdiction exists where the expungement of a challenged prison disciplinary record is "'likely to accelerate the prisoner's eligibility for parole.'" Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (quoting Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)). See also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[T]he potential relationship between [petitioner's] claim and the duration of his confinement is undeniable. In such a case, we are reluctant to unnecessarily constrain our jurisdiction to entertain habeas petitions absent clear indicia of congressional intent to do so."); Martin v. Tilton, No. 08-55392, 430 Fed. Appx. 590, 591 (9th Cir. April 29, 2011) ("Even though Martin did not forfeit any work-time credits as a result of the disciplinary finding, we have jurisdiction because the Board of Parole will consider the charge [mutual combat without

/////

serious injury] when it evaluates Martin's eligibility for parole.")[2]; Dunn v. Swarthout, No. 2:11-cv-2731 JAM GGH P, 2012 WL 3143889, at *3 (E.D. Cal. Aug. 1, 2012) ("It is at least 'likely that expungement of the disciplinary finding could accelerate petitioner's eligibility for parole at any future parole hearing."), report and recommendations adopted by 2012 WL 4468589 (E.D. Cal. Sept. 26, 2012); Birdwell v. Martel, No. CIV S-10-2523 LKK EFB P, 2012 WL 761914 (E.D. Cal. Mar. 7, 1012) (concluding that based on the decisions in Bostic and Docken, habeas jurisdiction existed over petitioner's habeas petition challenging his disciplinary conviction with no time credit loss because expungement could potentially accelerate his release on parole), report and recommendation adopted by 2012 WL 1131540 (E. D. Cal. Mar. 30, 2012); Avina v. Adams, No. 1:10-cv-00790 AWI MJS HC, 2011 WL 6752407, at *18 (E.D. Cal. Dec. 23, 2011) ("The Board explicitly relied on petitioner's disciplinary findings as one of many reasons in denying him parole.  Thus, it is at least 'likely' that expungement of the disciplinary finding could accelerate petitioner's eligibility for parole."), report and recommendation adopted by 2012 WL 1130610 (E.D. Cal. Mar. 30, 2012); Nguon v. Walker, No. CIV S-10-0704 FCD DAD P, 2011 WL 3501011, at *7 (E.D. Cal. Aug. 8, 2011) ("Expungement of a disciplinary conviction from an inmate's record is likely to accelerate his eligibility for parole and could potentially affect the duration of his confinement."); Rodriquez v. Swarthout, No. 2:10-cv-1226 GEB KJN P, 2011 WL 23126, at *2 (E.D. Cal. Jan. 4, 2011) (reversal or expungement of the rules violation conviction in question was likely to accelerate petitioner's eligibility for parole particularly where in denying parole the Board specifically warned petitioner that he should become disciplinary free), report and recommendation adopted by 2011 WL 1899799 (E.D. Cal. May 19, 2011); Maxwell v. Neotti, No. 09cv2660-L (BLM), 2010 WL 3338806, at *6 (S.D. Cal. July 15, 2010) (concluding that habeas relief could be pursued where the petitioner sought expungement of a disciplinary conviction that was likely to effect parole consideration under state law), report and

---

[2] Citation to this unpublished Ninth Circuit opinion issued after January 1, 2007 is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1 recommendation adopted by 2010 WL 3338803 (S.D. Cal. Aug. 24, 2010); Drake v. Felker, No. 2:07-cv-00577(JKS), 2007 WL 4404432, at *2 (E.D. Cal. Dec. 13, 2007) (concluding that a habeas action was cognizable to challenge a prison disciplinary conviction for battery on a peace officer because it "will almost certainly come back to haunt . . . .[petitioner] when the parole board reviews his suitability for parole.").[3]

Here, the undersigned finds respondent's contention that the vacating of the prison disciplinary convictions petitioner seeks is not likely to effect his eligibility for release on parole to be unpersuasive. This court has reviewed the transcript of petitioner's 2011 parole suitability hearing as well as transcripts of numerous such hearings at which the Board denies inmates parole due, at least in part, to the presence of one or more prison disciplinary convictions in their record. In denying parole the Board panels regularly advise inmates to become or remain disciplinary free pending their next parole suitability hearing, just as the panel did at petitioner's 2011 hearing.

Moreover, here petitioner's prison disciplinary convictions and the alleged misconduct from which they stemmed is the type of relevant information that the Board is to consider because it reflects on a prisoner's behavior "after the crime" and is a possible indicator that the prisoner is unable or unwilling to comply with society's rules. See Cal. Code Regs. tit.

---

[3] As has been noted by other courts, "there has been inconsistency inasmuch as some district courts have found no habeas jurisdiction in this context." Dunn v. Swarthout, No. 2:11-cv-2731 JAM GGH P, 2012 WL 3143889, at *3 (E.D. Cal. Aug. 1, 2012), report and recommendations adopted by 2012 WL 4468589 (E.D. Cal. Sept. 26, 2012). See also Avina v. Adams, No. 1:10-cv-00790 AWI MJS HC, 2011 WL 6752407, at *9-10 (E.D. Cal. Dec. 23, 2011) (noting divergence of views), report and recommendation adopted by 2012 WL 1130610 (E.D. Cal. March 30, 2012); Nguon v. Walker, No. CIV S-10-0704 FCD DAD P, 2011 WL 3501011, at *8, n.4 (E.D. Cal. Aug. 8, 2011) (observing that under some circumstances the impact of a challenged disciplinary conviction upon future parole suitability consideration "is simply too speculative to base federal habeas jurisdiction upon.") In this case, however, the impact of the challenged prison rules violation on the parole suitability determination with respect to petitioner is clearly not speculative. In his amended habeas petition pending before this court petitioner has alleged, under penalty of perjury, that at his 2011 parole suitability hearing, the disciplinary convictions challenged here were specifically relied upon by the Board panel in finding him unsuitable for parole. (See Doc. No. 2 at 2, 9.) The transcript of the hearing submitted by petitioner supports that allegation.

15, § 2402. Accordingly, expungement of petitioner's disciplinary conviction, if warranted, is both "likely" to accelerate his eligibility for parole," <u>Bostic</u>, 884 F.2d at 1269, and "could potentially affect the duration of [his] confinement." <u>Docken</u>, 393 F.3d at 1031.

Therefore, respondent's motion to dismiss the petition for lack of habeas jurisdiction should be denied.[4]

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's January 23, 2013 motion to dismiss (Doc. No. 32) be denied; and

2. Respondent be ordered to file and serve an answer within thirty days of any order adopting these findings and recommendations and that petitioner be ordered to file and serve a traverse thirty days thereafter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 19, 2013.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
davi1029.mtd2

---

[4] Finally, the court notes that although respondent contends it will have no practical effect on the duration of his confinement, petitioner was in fact assessed a loss of time credits as a result of the disciplinary convictions he seeks to challenge in this habeas proceeding.